Filed 8/15/22 In re A.B. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E078659 |
| Plaintiff and Respondent, | (Super.Ct.No. J291251) |
| v. | OPINION |
| A.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Charles J. Umeda, Judge. Affirmed.

Matthew C. Tymann, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant A.B. (minor) appeals from a juvenile court's order for victim restitution. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Minor's aunt and uncle took legal guardianship of him when he was in 5th grade because his mother was addicted to drugs. In 2021, their four-year-old daughter disclosed that minor, who was 14 years old at the time, had been touching her private parts and having her touch his for several months. Minor admitted what he had been doing, but showed no remorse. His aunt and uncle told him he had to move out immediately. They decided to terminate the guardianship and paid an attorney $3,500 to begin the process.

On November 10, 2021, the San Bernardino County District Attorney filed a juvenile wardship petition alleging four counts of committing a lewd act upon a child. (Pen. Code § 288, subd. (a), counts 1-4.) On November 30, 2021, minor voluntarily admitted the allegations in counts 1 and 2, and on motion by the People, the court dismissed counts 3 and 4.

On December 14, 2021, the juvenile court held a dispositional hearing and declared minor a ward of the court, to be placed in the custody of his mother and maintained in her home on specified conditions of probation, including that he pay victim restitution. The court set the matter for an attorneys-only restitution hearing.

The court held a restitution hearing on February 24, 2022. Both parties submitted restitution briefs, and the court took the matter under submission. At a further hearing on

2

March 10, 2022, the court stated that it had reviewed the parties' briefs and conducted its own research. It noted minor's argument that Welfare and Institutions Code section 730.7 created a rebuttal presumption that minor's aunt and uncle, as his legal guardians, could be jointly and severally liable for the amount of restitution they were seeking, and that, because they were liable for minor's restitution, they should not be entitled to restitution. The court concluded that minor's aunt and uncle were not barred from seeking restitution, since "the overriding purpose of the imposition of a restitution order in a juvenile case . . . is to rehabilitate the youth as to any future delinquent behavior and make the victim whole." The court noted that the aunt and uncle took on the role of legal guardians of minor, and that during the course of their guardianship, he committed lewd acts against their four-year-old daughter. Due to the trauma their daughter suffered and their concern for her safety with minor in their household, they believed they needed to terminate their guardianship. The court thus found "there was an economic loss that was incurred by the guardians that is directly related to the youth's conduct in this case" and ordered minor to pay the aunt and uncle $3,500 for the legal fees paid to terminate their guardianship.

Minor filed a notice of appeal.

DISCUSSION

Minor appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and three potential arguable issues: (1) whether a minor's legal guardian could be

3

entitled to restitution from that minor; (2) whether the legal guardians' cost of terminating their guardianship was incurred "as a result of" minor's conduct; and (3) whether minor suffered a prejudicial violation of his right to be present at the restitution hearing. Counsel has also requested this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____<br>J.

We concur:

McKINSTER _____
          Acting P. J.

MILLER _____
          J.